EMMA L. JONES v. NATIONWIDE MUTUAL INSURANCE CO.

No. 784DC895

(Filed 19 June 1979)

Insurance § 68.7— automobile policy—medical payments coverage—funeral expenses—person using vehicle without permission of insured or spouse

    Plaintiff was not entitled to recover under a provision of a medical payments endorsement of an automobile policy obligating the insurer to pay funeral expenses of each person accidentally killed while in the insured automobile provided it was being used "by any other person with the permission of the Policyholder or his spouse residing in the same household" where the evidence showed that the named insured allowed his son to use the automobile and told him not to let anyone else drive it, insured's son permitted plaintiff's intestate to use the automobile contrary to the insured's instruction, and plaintiff's intestate was killed while using the insured vehicle.

APPEAL by defendant from *Erwin, Judge.* Judgment entered 18 July 1978 in District Court, DUPLIN County. Heard in the Court of Appeals 1 June 1979.

The facts of this case are all either stipulated or uncontroverted by the parties: Plaintiff's intestate, her son Jerry, was

killed on 9 September 1973 when the 1967 Chevrolet in which he was riding collided with a tree. The car was owned by one Ralph Ostendorf and insured by defendant through a policy including $2000 of medical payment coverage.

Ralph Ostendorf had given his son Stephen permission to use the car, instructing him not to let anyone else drive it. Stephen allowed Jerry Jones to use the car without telling him of his father's restriction, and after the accident Stephen told plaintiff and others that Jerry had had permission to use the car. Jerry Jones' use of the car was not for Stephen's benefit in any way.

The funeral expenses for Jerry Jones were $1595. Plaintiff demanded payment of them under the medical payment coverage of the Ostendorf policy, and defendant refused to pay.

Defendant's motion for a directed verdict was denied. The trial court, sitting without a jury, found that the Chevrolet was being operated with the permission of the named insured at the time of the collision, and awarded plaintiff $1595. Defendant appeals.

*Kornegay & Rice, by John P. Edwards, Jr., for plaintiff appellee.*

*Jeffress, Morris & Rochelle, by Thomas H. Morris, for defendant appellant.*

ARNOLD, Judge.

Defendant contends that this action does not involve the financial responsibility laws of the state, but instead is a claim based upon a contract. Plaintiff's position is that G.S. 20-279.21(b)(2) controls.

G.S. 20-279.21 defines "motor vehicle liability policy." Subsection (b)(2) reads in pertinent part:

Such owner's policy of liability insurance . . . [s]hall insure the person named therein and any other person . . . using any such motor vehicle . . . with the express or implied permission of such named insured, or any other persons in lawful possession, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle. . . .

Plaintiff argues that Jerry Jones was a "person in lawful posses-
sion" and that, accordingly, the statute applies to make him an in-
sured. However, even if Jerry Jones was in lawful possession of
the Ostendorf automobile, a question we do not decide, the
statute would make him an insured under the owner's policy only
"against loss from the liability imposed by law for damages." The
coverage at issue here is medical payments coverage, which does
not protect the insured against his liability to others, but which
instead pays to the insured or certain named others enumerated
expenses — medical, nursing, funeral, etc.— associated with an acci-
dent. This coverage is not required by G.S. 20-279.21, and by the
terms of subsection (g),

> [a]ny policy which grants the coverage required for a motor
> vehicle liability policy may also grant any lawful coverage in
> excess of or in addition to the coverage specified for a motor
> vehicle liability policy and such excess or additional coverage
> shall not be subject to the provisions of this Article. With
> respect to a policy which grants such excess or additional
> coverage the term 'motor vehicle liability policy' shall apply
> only to that part of the coverage which is required by this
> section.

Defendant is correct that this action is a claim based upon a con-
tract, the terms of which control.

By the medical payments endorsement of the policy issued to
Ralph Ostendorf, defendant is obligated to pay for the funeral
services of "each person whose . . . death was accidentally sus-
tained while in . . . the described automobile, provided it was, at
the time, being used by the Policyholder, by a resident of the
same household or by any other person with permission of the
Policyholder or his spouse residing in the same household."
The trial court found as fact that Jerry Jones was operating the
Chevrolet with the permission of the named insured, and defend-
ant argues that there is no evidence to support this finding.

Ralph Ostendorf testified by deposition that when he loaned
the car to his son Stephen he "[d]efinitely told him not to loan the
car out and not to let anybody else drive or use it." Ostendorf
never gave Jerry Jones permission to use the automobile.
Stephen testified that his father loaned him the car, and "I was
not to let anybody else use it or loan it out." Stephen let Jerry

---

---

Jones use the car without telling him of his father's restriction. After the accident Stephen told several people "that Jerry had my permission to use the car. I told them that Jerry had permission to drive the car."

There is no evidence in the record that Jerry Jones had the permission "of the Policyholder or his spouse residing in the same household" to use the automobile; all the evidence is to the contrary. It may be that Jones thought he had permission, but that is not enough. The policy applies not the subjective test, but the objective test: did the person *in fact* have the permission of the policyholder or his spouse? The finding of fact that Jerry Jones was operating the automobile with the permission of the named insured is unsupported by the evidence and cannot stand.

Defendant's argument is that because the plaintiff failed to establish a right to recover, defendant was entitled to a directed verdict. As plaintiff points out, defendant's motion for a directed verdict should have been denominated a motion for involuntary dismissal under Rule 41(b), since this action was tried by the court without a jury. An involuntary dismissal under Rule 41(b) is to be granted if the plaintiff has shown no right to relief or if she has shown a right to relief but the trial court as trier of fact determines that defendant is entitled to a judgment on the merits. *Airport Knitting, Inc. v. King Kotton Yarn Co., Inc.*, 11 N.C. App. 162, 180 S.E. 2d 611 (1971). By denial of defendant's motion and entry of judgment for plaintiff the trial court here has concluded by implication that plaintiff presented sufficient evidence to show a right to relief, but this conclusion is not supported by findings of fact based on competent evidence. To establish a right to recover under the Ostendorf policy, it was necessary for plaintiff to show compliance with the terms of the policy, that is, permission of the policyholder or his spouse. As we have set out above, she has not done so. Defendant is entitled to a judgment in his favor.

Since we find for defendant, we need not consider his second assignment of error, going to the alleged failure of the trial court to set out findings of fact and conclusions of law to support its judgment. The decision of the trial court is

Reversed.

Judges MARTIN (Robert M.) and ERWIN concur.