DAVID HARRELL, T/A HARRELL SAND & SEPTIC CO. v. W. B. LLOYD CONSTRUCTION COMPANY

No. 95

(Filed 3 June 1980)

Rules of Civil Procedure § 50.5— evidence legally insufficient—new trial properly granted

Where a court on appeal reverses a trial court's determination that plaintiff's evidence is legally sufficient, nothing in the Rules of Civil Procedure precludes the Appellate Division from determining in a proper case that plaintiff appellee is nevertheless entitled to a new trial. Therefore, the Court of Appeals, having found that plaintiff's competent evidence at trial was legally insufficient to support his quantum meruit claim against defendant, was correct in failing to overrule the trial court's denial of defendant's motion for involuntary dismissal and in remanding the cause for a new trial where the record shows that incompetent evidence was erroneously considered by the trial judge in his ruling on the sufficiency of plaintiff's evidence, since, had it not been for the erroneous admission of the incompetent evidence in the first place, plaintiff might well have introduced other, competent evidence of the same import which would have properly withstood defendant's motion for voluntary dismissal or directed verdict.

DEFENDANT appeals from a decision of the Court of Appeals by *Judge Harry Martin, Judges Parker* and *Mitchell* concurring, which granted plaintiff a new trial upon defendant's appeal from a judgment entered by *Judge Nicholas Long* in the 29 May 1979 Civil Non-Jury Session of HERTFORD District Court. The Court of Appeals' opinion is reported at 41 N.C. App. 593, 255 S.E. 2d 280 (1979). This Court allowed defendant's petition for discretionary review pursuant to G.S. 7A-31 on 11 September 1979. The case was docketed and argued as No. 111, Fall Term 1979.

*Cherry, Cherry and Flythe, by Larry S. Overton and Thomas L. Cherry, Attorneys for plaintiff appellee.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by James K. Dorsett III, and James G. Billings, Attorneys for defendant appellant.*

EXUM, Justice.

The sole question presented by this appeal is whether the Court of Appeals, having found that plaintiff's evidence at trial was legally insufficient to support his *quantum meruit* claim against defendant, was correct in failing to overrule the trial court's denial of defendant's motion for involuntary dismissal and in remanding the cause for a new trial. For the reasons stated hereafter, we affirm the Court of Appeals.

Plaintiff instituted this action to recover for monies allegedly due for construction services performed for defendant. Plaintiff alleged that during the period of 10 September 1976 through 4 March 1977 it performed backhoe, bulldozer, and tractor work and various hauling services for defendant contractor in connection with the construction of a building in Hertford County. Attached to plaintiff's verified complaint were ledger sheets showing an itemized account of the work plaintiff alleged it had performed. Defendant's answer admitted that plaintiff had performed some backhoe work for defendant but alleged that plaintiff had been paid in full for all work performed on the job.

At a non-jury trial before Judge Long in the Hertford District Court, plaintiff was allowed over objection to introduce the ledger sheets into evidence. Plaintiff referred to the itemized entries in the ledger sheets to describe the nature of the equipment used, the hours worked, and the number of employees involved in the services performed for defendant. He further testified that all ledger entries were made at his direction and in his presence. Both plaintiff's testimony and the account evidenced by the ledger sheets disclosed that the total charges billed to defendant were $4,574.50 and that defendant had made a payment of only $1,000.

At the close of plaintiff's evidence, defendant moved for an involuntary dismissal pursuant to G.S. 1A-1, Rule 41(b). This mo-

tion was denied. Defendant offered no evidence, choosing instead to renew its motion for dismissal, which was again denied. The trial court then found facts in favor of plaintiff and entered judgment against defendant for the sum of $3,574.50 (plus interest), the amount outstanding according to plaintiff's ledger sheet entries.

On appeal to the Court of Appeals, defendant argued that since plaintiff neither alleged nor proved the existence of an express contract between the parties, plaintiff's recovery could only be had under a theory of *quantum meruit*, based upon an implied promise by defendant to pay plaintiff the reasonable value of the services rendered. According to defendant, plaintiff's failure at trial to prove the reasonable worth or market value of the work performed for defendant was a fatal deficiency; defendant's motion for involuntary dismissal should, therefore, have been granted. The Court of Appeals agreed that plaintiff's action sounded in *quantum meruit* and that plaintiff had not met its burden of proving the reasonable value of its services. That court further concluded: Plaintiff's evidence indicated that further work had been performed for defendant after defendant's payment of $1,000. Plaintiff's evidence was, therefore, sufficient to show an implied contract and its breach, for which plaintiff was entitled at the least to nominal damages. Thus, the Court of Appeals reasoned, the trial judge properly denied defendant's Rule 41(b) motion to dismiss and plaintiff should be granted a new trial.

Defendant strenuously contends to this Court that the Court of Appeals, having concluded in effect that plaintiff's case at trial was legally insufficient to support a verdict for more than nominal damages, erred in awarding plaintiff a new trial. We agree with defendant that if the Court of Appeals had in fact determined plaintiff to be entitled to no more than nominal damages, then the proper course would have been a remand for entry of judgment for nominal damages. By according plaintiff a new trial, however, the Court of Appeals obviously intended to give plaintiff a second chance to prove the merits of his claim. Under the circumstances of this case, we hold this action by the Court of Appeals to be entirely appropriate and well within the scope of its authority.

Assuming *arguendo* that plaintiff's case at trial was restricted to an action founded upon implied contract,[1] and that plaintiff's evidence was not competent to furnish a sufficient basis for the assessment of the reasonable value of the services rendered defendant by plaintiff,[2] the Court of Appeals nevertheless was correct in refusing to reverse the trial court's denial of defendant's motion for involuntary dismissal. This is so even if the trial judge may have erroneously considered information revealed by plaintiff's ledger sheet entries as competent evidence of the market value of plaintiff's services.

A motion for involuntary dismissal under Rule 41(b) serves in part to test the legal sufficiency of all evidence admitted on behalf of the plaintiff in a non-jury case. *Helms v. Rea*, 282 N.C. 610, 194 S.E. 2d 1 (1973). It does not challenge the competence of that evidence to prove a particular point, nor does it renew an objection to its admission in the first place. In effect, the very act of admitting evidence into the case signifies to the parties that the trial judge considers that evidence to be competent, at least for some relevant purpose. If the defendant is aggrieved by the ad-

---

1. An examination of the verified ledger sheets attached to plaintiff's complaint and submitted as evidence at trial reveals an itemized statement of account which shows on its face the identity of plaintiff as creditor and defendant as debtor. These ledger sheets were verified by plaintiff's witness David Harrell, who testified to their accuracy and authenticity. It would thus appear that the ledger sheets were competent evidence of a debt owed plaintiff by defendant under the terms of G.S. 8-45. That statute provides *inter alia* that in actions instituted "upon an account for goods sold and delivered, for rents, *for services rendered, or labor performed* . . . a verified itemized statement of such account shall be received in evidence, and shall be deemed prima facie evidence of its correctness." (Emphasis supplied.) *See generally* 1 Stansbury's North Carolina Evidence § 157 (Brandis rev. 1973) and cases cited therein. Moreover, it would appear from the record that the trial judge was cognizant of this statute, or at least of the theory of account as applied to plaintiff's case. In his conclusions of law, Judge Long stated that "the defendant breached the contract for work performed by failing to pay this plaintiff the balance due as set out in plaintiff's *itemized statement of account.*" R p 22. (Emphasis supplied.) However, the applicability of G.S. 8-45 to the instant case is not raised by any of the questions presented in the parties' briefs to this Court, and we need not further address it here. App. R. 16(a) and 28(a).

2. The Court of Appeals expressly concluded that the ledger entries were incompetent as evidence of value. Plaintiff did not appeal from the award of a new trial by the Court of Appeals, nor does he argue before this Court that the trial court's judgment should be reinstated on the ground that the ledger sheets alone constituted some evidence of the reasonable value of his services. Thus the correctness of the Court of Appeals' conclusion as to the competence of the ledger sheet evidence is not properly before us on this appeal, and we do not address it here.

mission of the evidence, he may later complain of error in its ad-mission on appeal from an adverse judgment. On the other hand, the plaintiff, the party in whose favor the evidence was admitted, may temporarily assume the correctness of the trial court's opin-ion that the evidence is competent and may safely rely upon the substantive value of that evidence as part of his case in chief. The evidence so admitted is then entitled to consideration along with all other evidence offered by plaintiff when the trial court is called upon by defendant's Rule 41(b) motion to determine the cumulative sufficiency of plaintiff's evidentiary offerings to make out a prima facie case. The motion goes to sufficiency, not com-petence. In ruling upon the motion, *all* relevant evidence admitted by the trial court must be accorded its full probative value ir-respective of whether it has been erroneously received. *See, e.g., Ballard v. Ballard,* 230 N.C. 629, 55 S.E. 2d 316 (1949) (discussing the test of sufficiency to be applied under a motion for com-pulsory nonsuit, former G.S. 1-183).

If an appellate court subsequently determines that the evidence in issue is incompetent and was erroneously admitted, there yet applies in non-jury cases a presumption that the judg-ment appealed from was based solely upon other evidence which was competent and correctly admitted. *Cogdill v. Highway Com-mission,* 279 N.C. 313, 182 S.E. 2d 373 (1971); *Bizzell v. Bizzell,* 247 N.C. 590, 101 S.E. 2d 668 (1958). Only where the record on appeal affirmatively discloses that the challenged ruling by the trial court was based upon or influenced by erroneously admitted evidence will there be a finding of reversible error. *Hicks v. Hicks,* 271 N.C. 204, 155 S.E. 2d 799 (1967); *Reid v. Johnston,* 241 N.C. 201, 85 S.E. 2d 114 (1954).

In the instant case, the Court of Appeals found reversible er-ror in the fact that the trial judge's award of damages to plaintiff was obviously based upon plaintiff's ledger sheet entries which, the Court of Appeals concluded, were incompetent to establish the *quantum meruit* of plaintiff's services. 41 N.C. App. at 595, 255 S.E. 2d at 281. The exclusion of the ledger sheet entries—the only indication of the value of plaintiff's services offered at trial—clearly renders plaintiff's proof insufficient as a matter of law to make out a prima facie case based on *quantum meruit* for more than nominal damages.

That fact alone, however, does not automatically entitle defendant to prevail at the appellate level upon his trial motion for involuntary dismissal, or to a remand for entry of nominal damages only. As with any appellate reversal of a trial court's determination that plaintiff's evidence is legally sufficient, nothing in the Rules of Civil Procedure *precludes* the Appellate Division from determining in a proper case that plaintiff appellee is nevertheless entitled to a new trial. *See, e.g.,* G.S. 1A-1, Rule 50(d); *Neely v. Eby Construction Co.,* 386 U.S. 317, 322-329 (1967) (interpreting the federal counterpart to Rule 50(d)); *Lindsey v. The Clinic for Women,* 40 N.C. App. 456, 463, 253 S.E. 2d 304, 308 (1979). And it is well established that the granting of a new trial is the usual and appropriate appellate remedy in cases such as this one, where incompetent evidence has been erroneously considered by the trial judge in his ruling on the sufficiency of plaintiff's evidence. *Midgett v. Nelson,* 212 N.C. 41, 192 S.E. 854 (1937); *Morgan v. Benefit Society,* 167 N.C. 262, 83 S.E. 479 (1914); *Pruden v. Keemer,* 1 N.C. App. 417, 161 S.E. 2d 783 (1968); *see generally* 1 Strong's N.C. Index 3d *Appeal and Error* § 59.2 and cases cited therein. The rationale behind giving plaintiff a second chance in such cases is obvious: Had it not been for the erroneous admission of the incompetent evidence in the first place, plaintiff might well have introduced other, *competent* evidence of the same import which would have properly withstood defendant's motion for involuntary dismissal or directed verdict. In effect, plaintiff's failure to produce evidence sufficient to establish a prima facie case may have stemmed not from the fact that the evidence was unavailable but rather from plaintiff's reasonable reliance upon the trial court's admission of evidence which the Court of Appeals determined should have been excluded.

So it is in the case before us. There is not the slightest suggestion in the record that plaintiff's failure to introduce competent evidence of the value of the services rendered to defendant was an omission incapable of prompt curative action. Had Judge Long ruled the ledger sheet entries incompetent as evidence of value, plaintiff would have been put on notice of the defect in his case. In all likelihood, he could have then readily produced competent opinion evidence, including his own, as to the reasonable value of his services. He should not now be denied that opportunity simply because he rested the sufficiency of his case upon

assurances by the trial judge that his evidence was competent. Accordingly, the decision of the Court of Appeals granting plaintiff a new trial is

Affirmed.