ELMORE, Judge.
 

 *349
 
 Charles Morris (defendant) appeals from the trial court's order requiring him to enroll in Satellite-Based Monitoring (SBM) and to register as a sex offender for his natural life. After careful review, we reverse and remand.
 

 I. Background
 

 On 27 June 2007, defendant waived a bill of indictment and agreed that one count of first-degree sex offense and three counts of indecent liberties with a child could be tried upon information. That same day, defendant pleaded guilty to three counts of indecent liberties with a child, and the trial court sentenced him to three periods of confinement to be served consecutively: twenty to twenty-four months, twenty to twenty-four months, and seventeen to twenty-one months.
 

 After defendant completed his sentence, the Harnett County Superior Court held a Determination Hearing on 6 April 2015 to decide
 
 *350
 
 if defendant shall register as a sex offender and enroll in SBM for his natural life. During the hearing, the following colloquy took place:
 

 MS. GROH: And your Honor, that's correct. I would agree that, as the statute reads now, those do fit under as him being a recidivist although, your Honor, my argument is going to be the same as Mr. Jones
 
 [1]
 
 in that I would argue that is [sic] unreasonable search and seizure. I would like that-knowing what you will do, I would just like that objection noted for the record, your Honor.
 

 THE COURT: Okay.
 

 MS. GROH: Or that argument, for the record.
 

 *529
 
 THE COURT: Anything else that you want to offer?
 

 MS. GROH: No, your Honor.
 

 THE COURT: Anything else the State wants to offer?
 

 MR. BAILEY: No, your Honor.
 

 ....
 

 THE COURT: All right. The Court has considered the case of
 
 Grady v. North Carolina.
 
 Court evaluates the issue of satellite-based monitoring, recognizing that such monitoring constitutes a search or seizure under the 4th Amendment of the United States constitution and under equivalent provisions of North Carolina constitution. Court finds the defendant has previously been convicted of a second-degree sex offense, is that right, Mr. Bailey?
 

 MR. BAILEY: That's correct.
 

 THE COURT: Court finds defendant has been so convicted, and the current conviction, the most recent conviction for the defendant is for indecent liberties, also a sexually violent offense. Court finds the defendant is a recidivist under the North Carolina statutes. That lifetime registration is required. Such registration and lifetime satellite-based
 
 *351
 
 monitoring constitutes a reasonable search or seizure of the person, and both lifetime registration and lifetime satellite-based monitoring. Defendant's objections and exceptions previously stated are noted for the record and overruled. State requesting any further findings?
 

 MR. BAILEY: No, sir.
 

 The Honorable C. Winston Gilchrist ordered defendant to register as a sex offender and enroll in SBM for the remainder of his natural life. Defendant gave oral notice of appeal, filed written notice of appeal on 16 June 2015, and filed a petition for writ of
 
 certiorari,
 
 which we granted on 30 December 2015.
 

 II. Analysis
 

 In
 
 Grady v. North Carolina,
 
 575 U.S. ----,
 
 135 S.Ct. 1368
 
 ,
 
 191 L.Ed.2d 459
 
 (2015), the Supreme Court of the United States held that North Carolina's SBM program "effects a Fourth Amendment Search." It stated, "That conclusion, however, does not decide the ultimate question of the program's constitutionality. The Fourth Amendment prohibits only unreasonable searches. The reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations."
 

 Id.
 

 at ----,
 
 135 S.Ct. at 1371
 
 ,
 
 191 L.Ed.2d at 462
 
 . Ultimately, the case was remanded to the New Hanover County Superior Court to determine if, based on the above framework, the SBM program is reasonable.
 

 Like the defendant in
 
 State v. Blue,
 
 --- N.C.App. ----,
 
 783 S.E.2d 524
 
 (2016), defendant argues that "the trial court erred in concluding that continuous [SBM] is reasonable and a constitutional search under the Fourth Amendment in the absence of any evidence from the State as to reasonableness." The State argues that it did not bear the burden of proving the reasonableness of the search imposed by SBM, and defendant failed to satisfy his burden of establishing that the search is unreasonable. The State, however, concedes the following:
 

 If this Court concludes that the State bears the burden of proving the reasonableness of the search imposed by satellite-based monitoring, the State agrees with Defendant that the trial court erred by failing to conduct the appropriate analysis. As a result, this case should be remanded for a new hearing where the trial court will be able to take testimony and documentary evidence addressing
 
 *352
 
 the "totality of the circumstances" vital in an analysis of the reasonableness of a warrantless search[.]
 

 The trial court erred as it did not analyze the "totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations."
 
 Grady,
 
 575 U.S. at ----,
 
 135 S.Ct. at 1371
 
 ,
 
 191 L.Ed.2d at 462
 
 . Rather, the trial court simply "considered the case of
 
 Grady v. North Carolina,
 
 " and summarily concluded that "registration and lifetime [SBM] constitutes a reasonable search or seizure of the person" and is required by statute.
 

 The trial court failed to follow the mandate of the Supreme Court of the United States and determine, based on the totality
 
 *530
 
 of the circumstances, if the SBM program is reasonable when properly viewed as a search.
 
 Grady,
 
 575 U.S. at ----,
 
 135 S.Ct. at 1371
 
 ,
 
 191 L.Ed.2d at
 
 462 ;
 
 see
 

 Samson v. California,
 

 547 U.S. 843
 
 , 848,
 
 126 S.Ct. 2193
 
 , 2197,
 
 165 L.Ed.2d 250
 
 , 256 (2006) ("Whether a search is reasonable is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.") (internal quotations and citations omitted);
 
 Vernonia Sch. Dist. 47J v. Acton,
 

 515 U.S. 646
 
 , 652-53,
 
 115 S.Ct. 2386
 
 , 2390-91,
 
 132 L.Ed.2d 564
 
 , 574 (1995). On remand, the State shall bear the burden of proving that the SBM program is reasonable.
 
 State v. Blue,
 
 --- N.C.App. ----,
 
 783 S.E.2d 524
 
 (2016).
 

 III. Conclusion
 

 We reverse the trial court's order and remand for a new hearing in which the trial court shall determine if SBM is reasonable, based on the totality of the circumstances, as mandated by the Supreme Court of the United States in
 
 Grady v. North Carolina,
 
 575 U.S. ----,
 
 135 S.Ct. 1368
 
 ,
 
 191 L.Ed.2d 459
 
 (2015).
 

 REVERSED AND REMANDED.
 

 Judges STROUD and DIETZ concur.
 

 [1]
 

 Mr. Jones represented the defendant in
 
 State v. Blue,
 
 ---N.C.App. ----,
 
 783 S.E.2d 524
 
 (2016) in a SBM hearing in front of Judge Gilchrist immediately before defendant's hearing. In
 
 Blue,
 
 the trial court concluded that "lifetime satellite-based monitoring is reasonable and necessary and required by the statute."
 

 Id.