ELMORE, Judge.
 

 *260
 
 Malcolm Sinclair Blue (defendant) appeals from the trial court's order requiring him to enroll in Satellite-Based Monitoring (SBM) and to register as a sex offender for his natural life. After careful review, we reverse and remand.
 

 I. Background
 

 In 2006, the North Carolina General Assembly established a sex offender monitoring program that uses a continuous satellite-based monitoring system to monitor three categories of sexual offenders. N.C. Gen.Stat. § 14-208.40
 
 et seq.
 
 (2015). For nearly a decade, the SBM program survived constitutional challenges.
 
 See, e.g.,
 

 State v. Bowditch,
 

 364 N.C. 335
 
 , 352,
 
 700 S.E.2d 1
 
 , 13 (2010) ("[S]ubjecting defendants to the SBM program does not violate the Ex Post Facto Clauses of the state or federal constitution.");
 
 State v. Martin,
 

 223 N.C.App. 507
 
 , 509,
 
 735 S.E.2d 238
 
 , 239 (2012) ("[O]ur Supreme Court considered the fact that offenders subject to SBM are required to submit to visits by DCC personnel and determined that this type of visit is not a search prohibited by the Fourth Amendment.");
 
 see also
 

 State v. Jones,
 

 231 N.C.App. 123
 
 , 127,
 
 750 S.E.2d 883
 
 , 886 (2013) ("The context presented in the
 
 *525
 
 instant case-which involves a civil SBM proceeding-is readily distinguishable from that presented in [
 
 United States v. Jones
 
 ]" "where the Court held that the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search' within the meaning of the Fourth Amendment.") (citing
 
 United States v. Jones,
 
 565 U.S. ----,
 
 132 S.Ct. 945
 
 ,
 
 181 L.Ed.2d 911
 
 (2012) ),
 
 abrogated by
 

 Grady v. North Carolina,
 
 575 U.S. ----,
 
 135 S.Ct. 1368
 
 ,
 
 191 L.Ed.2d 459
 
 (2015).
 

 In
 
 State v. Grady,
 
 No. COA13-958,
 
 2014 WL 1791246
 
 (N.C.Ct.App. May 6, 2014),
 
 appeal dismissed, review denied,
 

 367 N.C. 523
 
 ,
 
 762 S.E.2d 460
 
 (2014),
 
 cert. granted, judgment vacated,
 
 575 U.S. ----,
 
 135 S.Ct. 1368
 
 ,
 
 191 L.Ed.2d 459
 
 (2015), this Court, relying on
 
 State v. Jones,
 
 overruled the defendant's argument that "SBM required him to be subject to an ongoing search of his person." The North Carolina Supreme Court denied review, and the Supreme Court of the United States granted
 
 certiorari.
 

 Grady v. North Carolina,
 
 575 U.S. ----,
 
 135 S.Ct. 1368
 
 ,
 
 191 L.Ed.2d 459
 
 (2015). On 30 March 2015, the Court held in a
 
 per curiam
 
 opinion that North Carolina's SBM
 

 *261
 
 program " effects a Fourth Amendment search."
 

 Id.
 

 at ----,
 
 135 S.Ct. at 1371
 
 ,
 
 191 L.Ed.2d at 462
 
 .
 

 The Court stated, "That conclusion, however, does not decide the ultimate question of the program's constitutionality. The Fourth Amendment prohibits only
 
 unreasonable
 
 searches. The reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations."
 

 Id.
 

 at ----,
 
 135 S.Ct. at 1371
 
 ,
 
 191 L.Ed.2d at 462
 
 . The Court, acknowledging the stated "civil nature" of the program, explained, "It is well settled ... that the Fourth Amendment's protection extends beyond the sphere of criminal investigations,
 
 Ontario v. Quon,
 

 560 U.S. 746
 
 ,
 
 130 S.Ct. 2619
 
 ,
 
 177 L.Ed.2d 216
 
 (2010), and the government's purpose in collecting information does not control whether the method of collection constitutes a search."
 
 Grady,
 
 575 U.S. at ----,
 
 135 S.Ct. at 1371
 
 ,
 
 191 L.Ed.2d at 462
 
 (internal quotations omitted). Ultimately, the case was remanded to the New Hanover County Superior Court to determine if, based on the above framework, the SBM program is reasonable.
 

 In the case
 
 sub judice,
 
 defendant pleaded guilty to second-degree rape in May 2006, and the trial court sentenced him to 80 to 105 months imprisonment. After defendant completed his sentence, the Harnett County Superior Court held a Determination Hearing on 6 April 2015 to decide if defendant shall register as a sex offender and enroll in SBM for his natural life. During the hearing, the following colloquy took place:
 

 THE COURT: Okay. Reading between the lines-I'll be glad to hear you, Mr. Jones, but I assume your position is that satellite-based monitoring program is unreasonable search or seizure under 4th Amendment, and that issue not having been decided by the state courts yet?
 

 MR. JONES: That's correct, your Honor. What I would ask your Honor is to stay making any ruling on this, based on
 
 Grady v. North Carolina
 
 .... If you read the last paragraph, it says the North Carolina courts did not examine whether the state's monitoring program is reasonable when properly viewed as a search and will not do so in this first instance.... Your Honor, what I think, from reading that case, the only judicially efficient thing to do is stay these cases until you get that ruling because they are now saying it is a search. Our Supreme Court said it was a civil matter.... So we ask your Honor to stay this until we get some type of ruling from either our Supreme Court, the
 
 *262
 
 United States Supreme Court, or maybe possibly the attorney general's office, how they are going to proceed in this.
 

 ....
 

 THE COURT: ... State want to be heard any further or offer any evidence?
 

 MR. BAILEY: Well, can I address Mr. Jones's comments, your Honor?
 

 THE COURT: You certainly can. Let me tell you what I am inclined to do. I understand the
 
 Grady
 
 case says, at least I think I do,
 
 Grady
 
 case does not strike down the satellite-based monitoring system that the
 
 *526
 
 General Assembly has passed in North Carolina. It simply says that such a program is a search of the person, which seems logical. Of course, it says some corollary things as well, but it does not strike down the statute. So what I am inclined to do is, consistent with the existing state of North Carolina law, which is binding on me, I'm inclined to order the lifetime monitoring. Clearly under the existing law, this is an aggravated offense. Obviously, if the courts strike the program down, it would invalidate this Court's order, but I think it's incumbent upon me at this point in time to follow the law in this state as I understand it to be if there is no federal law overriding those decisions or invalidating the satellite-based monitoring statute in North Carolina. So that's my inclination. Anything else the State wants to be heard about?
 

 MR. BAILEY: No, sir.
 

 MR. JONES: I would ask, your Honor, state at this time, because we're opposing the satellite-based monitoring, is that the State needs to put on some evidence to show that it's reasonable and that it complies with the constitution, based on
 
 Grady v. North Carolina.
 
 We would like to have some type of evidentiary hearing because my client is not agreeing to be placed on satellite-based monitoring.
 

 THE COURT: Well, do you have any witnesses that you want to call or any evidence that you want to offer beyond a reasonable doubt, beyond the file, beyond the fact that his conviction beyond a reasonable doubt is second-degree rape?
 

 *263
 
 MR. BAILEY: I don't have any other evidence to offer, Judge Gilchrist....
 

 THE COURT: Okay.
 

 MR. JONES: We're objecting to its constitutionality based on this, your Honor.
 

 ....
 

 THE COURT: Okay. All right. Well, Court finds satellite-based monitoring is required in this case for the lifetime of the defendant and orders the same. Defendant's objections and exceptions are noted for the record. Court specifically finds that it has taken into consideration that the imposition of lifetime satellite-based monitoring constitutes a search or seizure of the defendant under the 4th Amendment to the United States constitution and equivalent provisions under the state constitution. Court finds that such search and seizure is reasonable. Court finds the defendant has been convicted beyond a reasonable doubt of second-degree rape. Based upon that conviction, and upon the file as a whole, lifetime satellite-based monitoring is reasonable and necessary and required by the statute. The State request any further findings or conclusions?
 

 MR. BAILEY: I don't, your Honor.
 

 The Honorable C. Winston Gilchrist ordered defendant to register as a sex offender and enroll in SBM for his natural life. Defendant gave oral notice of appeal, filed written notice of appeal on 16 June 2015, and filed a petition for writ of
 
 certiorari,
 
 which we granted on 30 December 2015.
 

 II. Analysis
 

 Defendant's argument is twofold: "The trial court failed to exercise its discretion and therefore erred as a matter of law in denying [defendant's] request for a stay, in light of
 
 Grady v. North Carolina
 
 [;]" and "the trial court erred in concluding that continuous [SBM] is reasonable and a constitutional search under the Fourth Amendment in the absence of any evidence from the State as to reasonableness."
 

 First, defendant argues that because "SBM is a civil, regulatory scheme subject to the rules applicable to other civil matters," the trial court had discretion to enter a stay. On appeal, defendant maintains that the trial court erred in failing to exercise discretion under Rule 62(d) of our Rules of Civil Procedure. At the hearing, counsel for defendant
 
 *264
 
 requested that the court "stay making any ruling on this," "stay these cases until you get that ruling," "stay this until we get some type of ruling," "stay it," and " stay them all." Per the plain language of Rule 62(d), "[w]hen an appeal is taken, the appellant may obtain a stay of execution." N.C. Gen.Stat. § 1A-1, Rule 62 (2015). Accordingly, it would not have applied to stay defendant's SBM hearing. Defendant presents no other authority
 
 *527
 
 on why the trial court erred in denying his request.
 

 Second, defendant argues, "Determining the reasonableness of a search requires detailed analysis of the nature and purpose of the search and the privacy expectations at stake." He claims that the trial court's analysis was conclusory and was based upon no findings as to the reasonableness of the search. Defendant argues, "It was the State's burden to prove by a preponderance of the evidence that the challenged search was reasonable and constitutional[,]" yet the State presented no evidence.
 

 The State denies that it has the burden of proving the reasonableness of SBM because SBM is a "civil, regulatory scheme." Thus, the State argues, "Defendant became a movant seeking a declaration that the search imposed by SBM is unreasonable and in violation of the Fourth Amendment and, so, voluntarily assumed the burden of proof.
 
 See, e.g.,
 
 N.C.G.S. § 1A-1, Rule 56(a) [.]" The State, however, concedes the following:
 

 If this Court concludes that the State bears the burden of proving the reasonableness of the search imposed by satellite-based monitoring, the State agrees with Defendant that the trial court erred by failing to conduct the appropriate analysis. As a result, this case should be remanded for a new hearing where the trial court will be able to take testimony and documentary evidence addressing the "totality of the circumstances" vital in an analysis of the reasonableness of a warrantless search[.]
 

 As the State notes in its concession above, the trial court erred by failing to conduct the appropriate analysis. Regardless of who has the burden of proof, the trial court did not analyze the "totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations."
 
 Grady,
 
 575 U.S. at ----,
 
 135 S.Ct. at 1371
 
 ,
 
 191 L.Ed.2d at 462
 
 . Rather, the trial court simply acknowledged that SBM constitutes a search and summarily concluded it is reasonable, stating that "[b]ased upon [the second-degree
 
 *265
 
 rape] conviction, and upon the file as a whole, lifetime satellite-based monitoring is reasonable and necessary and required by the statute."
 

 Accordingly, the trial court failed to follow the mandate of the Supreme Court of the United States and determine, based on the totality of the circumstances, if the SBM program is reasonable when properly viewed as a search.
 
 Grady,
 
 575 U.S. at ----,
 
 135 S.Ct. at 1371
 
 ,
 
 191 L.Ed.2d at
 
 462 ;
 
 see
 

 Samson v. California,
 

 547 U.S. 843
 
 , 848,
 
 126 S.Ct. 2193
 
 , 2197,
 
 165 L.Ed.2d 250
 
 , 256 (2006) ("Whether a search is reasonable is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.") (internal quotations and citations omitted);
 
 Vernonia Sch. Dist. 47J v. Acton,
 

 515 U.S. 646
 
 , 652-53,
 
 115 S.Ct. 2386
 
 , 2390-91,
 
 132 L.Ed.2d 564
 
 , 574 (1995).
 

 On remand, we conclude that the State shall bear the burden of proving that the SBM program is reasonable.
 
 State v. Wade,
 

 198 N.C.App. 257
 
 , 270,
 
 679 S.E.2d 484
 
 , 492 (2009) ("Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment of the United States Constitution.") (citing
 
 State v. Logner,
 

 148 N.C.App. 135
 
 , 139,
 
 557 S.E.2d 191
 
 , 194 (2001) ).
 

 III. Conclusion
 

 We reverse the trial court's order and remand for a new hearing in which the trial court shall determine if SBM is reasonable, based on the totality of the circumstances, as mandated by the Supreme Court of the United States in
 
 Grady v. North Carolina,
 
 575 U.S. ----,
 
 135 S.Ct. 1368
 
 ,
 
 191 L.Ed.2d 459
 
 (2015).
 

 REVERSED AND REMANDED.
 

 Judges STROUD and DIETZ concur.