ZACHARY, Judge.
 

 *781
 
 Defendant appeals the Satellite-Based Monitoring Order entered after his
 
 Alford
 
 plea to two counts of taking indecent liberties with a child. Defendant argues on appeal that the trial court erred in ordering lifetime satellite-based monitoring in the absence of evidence from the State that this was a reasonable search of defendant. We agree, and conclude that this matter must be reversed.
 

 *344
 

 Background
 

 Defendant Linwood Earl Greene (defendant) was indicted on 27 October 2014 and on 14 July 2015 for sex offense with a 13, 14, or 15-year old child. On 15 August 2016, defendant entered an
 
 Alford
 
 plea before the Honorable Walter H. Godwin, Jr. to two counts of taking indecent liberties with a child. Judge Godwin then entered an order sentencing defendant to an active term of twenty-six to forty-one months' imprisonment and requiring that defendant register as a sex offender for the remainder of his natural life. No order regarding satellite-based monitoring was entered on that day.
 

 On 14 November 2016, a satellite-based monitoring determination hearing was held upon the State's application before the Honorable Jeffery B. Foster. Defendant filed a Motion to Dismiss the State's Application for Satellite-Based Monitoring prior to the hearing. At the satellite-based monitoring hearing, the State put forth evidence establishing that defendant had a prior conviction of misdemeanor sexual battery, in addition to his conviction on 15 August 2016 of two counts of taking indecent liberties with a child. The State offered no further evidence beyond defendant's criminal record.
 

 The trial court heard arguments from both parties. Referencing his motion to dismiss, defendant challenged the constitutionality of the lifetime satellite-based monitoring enrollment by citing
 
 Grady v. North Carolina
 
 ,
 
 State v. Blue
 
 , and
 
 State v. Morris
 
 , positing that the State had not met its burden of establishing, under a totality of the circumstances, the reasonableness of the satellite-based monitoring program in light of both the State's interests and defendant's privacy interests. The trial court denied defendant's motion to dismiss, reasoning "that based on the fact that this is the second conviction that ... defendant has accumulated of a sexual nature, ... his privacy interests are outweighed by the State's interest in protecting future victims." Judge Foster then ordered that defendant be enrolled in the satellite-based monitoring program for the remainder of his natural life.
 

 *782
 
 On appeal, defendant argues that the trial court erred in ordering lifetime satellite-based monitoring because the State's evidence was insufficient to establish that the enrollment constituted a reasonable Fourth Amendment search under
 
 Grady v. North Carolina
 
 ,
 
 State v. Blue
 
 , and
 
 State v. Morris
 
 . The State has conceded this point. However, the State contends that it should have a chance to supplement its evidence, upon remand from this Court, in order to support the finding that enrolling defendant in lifetime satellite-based monitoring is a reasonable Fourth Amendment search. Defendant argues that this Court should reverse without remand. Accordingly, the only issue before us involves the appropriate remedy.
 

 Discussion
 

 The United States Supreme Court has held that North Carolina's satellite-based monitoring program constitutes a search for purposes of the Fourth Amendment.
 
 Grady v. North Carolina
 
 , 575 U.S. ----, ----,
 
 135 S.Ct. 1368
 
 , 1370-1371,
 
 191 L.Ed.2d 459
 
 , 462 (2015). As such, North Carolina courts must first "examine whether the State's monitoring program is reasonable-when properly viewed as a search"-before subjecting a defendant to its enrollment.
 

 Id.
 

 at ----,
 
 135 S.Ct. at 1371
 
 ,
 
 191 L.Ed.2d at 463
 
 . This reasonableness inquiry requires the court to analyze the "totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations."
 
 Id
 
 . at ----,
 
 135 S.Ct. at 1370-1371
 
 ,
 
 191 L.Ed.2d at 462
 
 . These satellite-based monitoring proceedings, while seemingly criminal in nature, are instead characterized as "civil regulatory" proceedings.
 
 State v. Brooks
 
 ,
 
 204 N.C.App. 193
 
 , 194,
 
 693 S.E.2d 204
 
 , 206 (2010).
 

 Notwithstanding the fact that satellite-based monitoring proceedings are civil proceedings, the State argues that the civil bench proceeding standard, pursuant to which "[a] dismissal under Rule 41(b) should be granted if the plaintiff has shown no right to relief[,]"-is inapplicable here.
 
 Hill v. Lassiter
 
 ,
 
 135 N.C.App. 515
 
 , 517,
 
 520 S.E.2d 797
 
 , 800 (1999). In so arguing, the State reasons that in satellite-based monitoring proceedings, the State is not specifically referred to as "the plaintiff." This reasoning is far too
 
 *345
 
 technical and detracts from the true substance of satellite-based monitoring proceedings. Viewed in the civil context, the State is undoubtedly the party seeking relief in a satellite-based monitoring proceeding.
 
 See
 

 N.C. Gen. Stat. § 14-208
 
 .40A(a).
 

 Next, the State argues that remand is proper under
 
 State v. Blue
 
 and
 
 State v. Morris
 
 .
 

 *783
 
 After
 
 Grady
 
 was decided, there was some uncertainty concerning the scope of the State's burden at satellite-based monitoring proceedings, and several cases came up to this Court in the midst of that uncertainty.
 
 See
 

 State v. Blue
 
 , --- N.C.App. ----,
 
 783 S.E.2d 524
 
 (2016) ;
 
 State v. Morris
 
 , --- N.C.App. ----,
 
 783 S.E.2d 528
 
 (2016).
 
 Blue
 
 and
 
 Morris
 
 resolved those uncertainties, however, as this Court made it abundantly clear that "the State shall bear the burden of proving that the [satellite-based monitoring] program is reasonable."
 
 Blue
 
 , --- N.C.App. at ----, 783 S.E.2d at 527 ;
 
 Morris
 
 , --- N.C.App. at ----, 783 S.E.2d at 530. But, having just resolved the uncertainty, it was necessary for this Court to remand
 
 Blue
 
 and
 
 Morris
 
 so that the State would have an appropriate opportunity to establish its burden.
 
 See
 

 Blue
 
 , --- N.C.App. at ----, 783 S.E.2d at 527 ;
 
 State v. Morris
 
 , --- N.C.App. at ----, 783 S.E.2d at 529 (remand appropriate where "the trial court simply considered the case of
 
 Grady v. North Carolina
 
 , and summarily concluded that registration and lifetime satellite-based monitoring constitutes a reasonable search or seizure of the person and is required by statute[ ]") (internal citations and quotation marks omitted). However, this case is entirely distinguishable, as the nature of the State's burden was no longer uncertain at the time of defendant's satellite-based monitoring hearing.
 
 Blue
 
 and
 
 Morris
 
 made clear that a case for satellite-based monitoring is the State's to make. The State concedes it has not done so.
 

 Even accepting its burden, the State contends that, "[a]s with any appellate reversal of a trial court's determination that plaintiff's evidence is legally sufficient, nothing ...
 
 precludes
 
 the Appellate Division from determining in a proper case that plaintiff[-]appellee is nevertheless entitled to a new trial."
 
 Harrell v. W.B. Lloyd Constr. Co.
 
 ,
 
 300 N.C. 353
 
 , 358,
 
 266 S.E.2d 626
 
 , 630 (1980) (citations omitted) (emphasis in the original). In
 
 Harrell
 
 , however, remand was appropriate because "incompetent evidence ha[d] been erroneously considered by the trial judge in his ruling on the sufficiency of plaintiff's evidence."
 
 Id.
 
 at 358,
 
 266 S.E.2d at 630
 
 (citations omitted). The evidence was insufficient
 
 in light of
 
 the improperly considered evidence.
 
 Id
 
 . Therefore, it was necessary to remand the case in order for the trial court to consider the matter anew absent the erroneously admitted evidence. In contrast, there has been no contention in this case that the State's evidence was improperly considered by the trial court. The conceded error instead involves the State's evidence having been too scant to satisfy its burden under the requirements of
 
 Grady
 
 .
 

 Because "dismissal under Rule 41(b) is to be granted if the plaintiff has shown no right to relief[,]" having conceded the trial court's
 
 *784
 
 error, the State must likewise concede that the proper outcome below would have been for the trial court to grant defendant's motion and dismiss the satellite-based monitoring proceeding against him.
 
 [1]
 

 See
 

 Jones v. Nationwide Mut. Ins. Co
 
 .,
 
 42 N.C.App. 43
 
 , 46-47,
 
 255 S.E.2d 617
 
 , 619 (1979). And if, as the State's concession requires, the trial court had properly dismissed the satellite-based monitoring application, the matter would have ended there. The State cites no authority suggesting that it would have been permitted to "try again" by applying for yet another satellite-based monitoring hearing against defendant, in the hopes of this time having gathered enough evidence. Instead, the result of the trial court's dismissal would have been just that-a dismissal, and it is the duty of this Court to effectuate that result.
 
 *346
 

 Conclusion
 

 We reverse the trial court's order denying defendant's motion to dismiss the State's application for satellite-based monitoring.
 

 REVERSED.
 

 Judges CALABRIA and MURPHY concur.
 

 [1]
 

 Both parties correctly note that defendant's motion for a "directed verdict" should have been more properly characterized as a "motion for involuntary dismissal" pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b) (2017).
 
 See
 

 Hill
 
 ,
 
 135 N.C.App. at 517
 
 ,
 
 520 S.E.2d at 800
 
 ("When a motion to dismiss under Rule 41(b) is incorrectly designated as one for a directed verdict, it may be treated as a motion for involuntary dismissal.") (citation omitted).