HUNTER, JR., Robert. N., Judge.
Eric Moore ("Defendant") appeals from an order requiring him to enroll in satellite-based monitoring ("SBM") for the remainder of his natural life. We reverse.
I. Factual and Procedural History
On 24 January 2006, Defendant pled guilty to attempted second degree sexual offense, and the trial court sentenced him to 117 to 150 months of imprisonment. On 27 October 2015, Defendant appeared before the trial court for an SBM determination hearing, pursuant to N.C. Gen. Stat. § 14-208.40(a) (2015). At the conclusion of the hearing, the trial court entered an order concluding Defendant was a recidivist and ordered him to enroll in lifetime SBM.
Defendant appealed to this Court, which vacated and remanded the SBM order. State v. Moore , --- N.C. App. ----, ----, 792 S.E.2d 540, 544 (2016). This Court concluded the State failed to provide sufficient evidence of Defendant's prior convictions, and, thus, the trial court erred by concluding Defendant was a recidivist. Id. at ----, 792 S.E.2d at 543-44. We remanded "for a proper evidentiary hearing, required by law." Id . at ----, 792 S.E.2d at 544.
On 7 February 2017, the trial court conducted a second SBM hearing, pursuant to N.C. Gen. Stat. § 14-208.40(a). At this hearing, the State tendered certified copies of a 1989 judgment, reflecting Defendant's prior convictions for second degree kidnapping and second degree sexual offense and Defendant's 2006 judgment, reflecting his conviction for attempted second degree sexual offense. Consequently, the court entered a new order concluding Defendant was a recidivist and ordering Defendant to enroll in SBM for the remainder of his natural life. Defendant filed timely notice of appeal.
II. Standard of Review
Review of a trial court's determination regarding whether imposition of SBM is reasonable under the Fourth Amendment is a question of law, which is reviewed de novo . State v. Martin , 223 N.C. App. 507, 508, 735 S.E.2d 238, 238 (2012) (citation omitted).
III. Analysis
Defendant argues the trial court erred by ordering him to enroll in lifetime SBM because the State failed to establish that the imposition of lifetime SBM was a reasonable search under the Fourth Amendment. Defendant asks this Court to reverse the SBM order. The State concedes the trial court erred, but argues the appropriate remedy is to remand for additional evidence.
The United States Supreme Court held North Carolina's SBM program constitutes a Fourth Amendment search, which must, therefore, be reasonable, based on the totality of the circumstances. Grady v. North Carolina , --- U.S. ----, 191 L. Ed. 2d 459 (2015). After Grady , this Court reversed and remanded an SBM order where, instead of hearing evidence and making a determination of the reasonableness of SBM based on the totality of the circumstances, "the trial court simply acknowledged that SBM constitutes a search and summarily concluded it is reasonable[.]" State v. Blue , --- N.C. App. ----, ----, 783 S.E.2d 524, 527 (2016) ; see also State v. Morris , --- N.C. App. ----, ----, 783 S.E.2d 528, 529-30 (2016). The Blue Court also held, on remand, "the State shall bear the burden of proving that the SBM program is reasonable." Blue , --- N.C. App. at ----, 783 S.E.2d at 527.
In State v. Greene , --- N.C. App. ----, 806 S.E.2d 343 (2017), this Court reviewed an SBM order that was entered after our decisions in Blue and Morris . The record in Greene reflected the State failed to present sufficient evidence with respect to the reasonableness of SBM under the Fourth Amendment. Id . at ----, 806 S.E.2d at ----. While acknowledging, "[a]fter Grady was decided, there was some uncertainty concerning the scope of the State's burden at satellite-based monitoring proceedings," the Court further explained "the State's burden [is] no longer uncertain.... Blue and Morris made clear that a case for satellite-based monitoring is the State's to make." Id . at ----, 806 S.E.2d at ----. Since the State had the benefit of Blue and Morris , but still failed to present sufficient evidence to meet its burden, we reversed the trial court's order, rather than remanding, for another hearing. Id . at ----, 806 S.E.2d at ----.
In this case, Defendant's counsel argued, inter alia , the imposition of lifetime SBM was an unreasonable search under the totality of the circumstances. He concluded his argument as follows:
The Court obviously has to consider State versus Blue , the Court has to consider the search['s] purpose and reasonable expectation of privacy of [Defendant]. Your Honor, I would submit under the, under the circumstances that requir[ing] him to submit to satellite-based monitoring is not reasonable, uhm, under the Fourth Amendment and would ask the Court to not order satellite-based monitoring.
The trial court then provided the State with an opportunity to respond to defense counsel's arguments, and the assistant district attorney responded:
Just very briefly, Judge, with regard to his argument as to the uhm, length of time between convictions, it occurs to me that what he's arguing would also apply to structured sentencing and that in the incubation prior to structured sentencing taking place would not count for structured sentencing and that certainly has not been the case, Judge. Uhm, unfortunately [Defendant] has earned, earned this privilege and I believe he deserves it.
Thus, here, as in Blue -which Defendant specifically referenced at the SBM hearing-Morris , and Greene , the State failed to present sufficient evidence to establish that ordering Defendant to enroll in lifetime SBM was a reasonable search. Since, as in Greene , the State had the benefit of Blue and Morris at the time of the SBM hearing, the appropriate remedy is to reverse the trial court's order without remanding for a new evidentiary hearing. Greene , --- N.C. App. at ----, 806 S.E.2d at ----; see also In re Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (citations omitted) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). Accordingly, we reverse the trial court's SBM order.
IV. Conclusion
For the foregoing reasons, we reverse the trial court's SBM order.
REVERSED.
Report per Rule 30(e).
Judges BRYANT and INMAN concur.