DAVIS, Judge.
Aaron Kenard Westbrook ("Defendant") appeals from the trial court's order requiring him to submit to satellite-based monitoring ("SBM") for the remainder of his natural life. On appeal, he argues that the State presented insufficient evidence to support the trial court's order. Because prior decisions from this Court mandate the conclusion that the State failed to meet its burden of showing that the imposition of SBM was a reasonable search under the Fourth Amendment as to Defendant, we reverse.
Factual and Procedural Background
In 2013, when Defendant was approximately 21 years old, he was convicted of taking indecent liberties with a 15-year-old girl. While on probation, he was ordered to undergo sex offender treatment but failed to complete this treatment.
During his probation, Defendant sent a series of sexually explicit text messages to a 13-year-old girl over a period of eight days in 2016. On two occasions during this period, the girl-who lived in Defendant's housing complex-observed him masturbating through a window. On a third occasion, when Defendant and the girl were "on a chat site and they could see each other[,]" Defendant "masturbated while she watched."
On 3 April 2017, Defendant was indicted on three counts of taking indecent liberties with a child. On 31 August 2017, Defendant pled guilty to all three counts before the Honorable Stanley L. Allen in Forsyth County Superior Court. That same day, the trial court sentenced Defendant to a term of 21 to 35 months imprisonment.
Following sentencing, a hearing (the "SBM Hearing") was held to determine whether SBM was appropriate. During this hearing, the State requested that Defendant be enrolled in SBM pursuant to N.C. Gen. Stat. § 14-208.40A(c) on the ground that he was a recidivist. In support of this request, the State presented testimony from Defendant's probation officer, David Dohig. No other witness testified. The State also provided evidence that based on his STATIC-99 assessment Defendant posed an "average" risk to reoffend. In response, Defendant's counsel argued that the imposition of lifetime SBM would violate the Fourth Amendment.
That same day, the trial court ordered that Defendant enroll in SBM for the remainder of his natural life. Defendant filed a timely notice of appeal.
Analysis
On appeal, Defendant argues that the trial court erred by imposing SBM because the State failed to meet its burden of showing that continuous GPS tracking for the remainder of Defendant's life was a reasonable search under the Fourth Amendment. We agree.
The United States Supreme Court held in Grady v. North Carolina , --- U.S. ----, 135 S. Ct. 1368, 191 L.Ed. 2d 459 (2015) (hereinafter "Grady I "), that North Carolina's SBM program constitutes a search for purposes of the Fourth Amendment. Id. at ----, 135 S. Ct. at 1371, 191 L.Ed. 2d at 462. As a result, "North Carolina courts must first examine whether the State's monitoring program is reasonable-when properly viewed as a search-before subjecting a defendant to its enrollment." State v. Greene , --- N.C. App. ----, ----, 806 S.E.2d 343, 344 (2017) (citation and quotation marks omitted). "This reasonableness inquiry requires the court to analyze the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations." Id. at ----, 806 S.E.2d at 344 (citation and quotation marks omitted).
Shortly after the Supreme Court's decision in Grady I , this Court issued two decisions in which we concluded that the State had failed to present evidence sufficient to establish the reasonableness of subjecting the defendant to SBM. See State v. Blue , 246 N.C. App. 259, 264-65, 783 S.E.2d 524, 527 (2016) ; State v. Morris , 246 N.C. App. 349, 352, 783 S.E.2d 528, 530 (2016). In both Blue and Morris , however, we noted that the trial court and the State had not had the benefit of Grady at the time of the defendant's SBM hearing such that it was appropriate to remand the cases for a new rehearing on the issue of whether the imposition of SBM was reasonable based on the totality of circumstances. Blue , 246 N.C. App. at 265, 783 S.E.2d at 527 ; Morris , 246 N.C. App. at 352, 783 S.E.2d at 530.
In Greene , this Court determined that the State had failed to present sufficient evidence showing the reasonableness of SBM as to the defendant in that case under the Fourth Amendment. Greene , --- N.C. App. at ----, 806 S.E.2d at 344. The State conceded its error and stated in its appellate brief that its evidence was "too scant to satisfy its burden under the requirements of Grady ." Id. at ----, 806 S.E.2d at 345. We concluded that because Blue and Morris had been decided prior to the defendant's SBM hearing yet the State had still failed to present sufficient evidence to meet its burden, the proper recourse was reversal of the trial court's SBM order without remanding for the purpose of giving the State another opportunity to establish reasonableness under the Fourth Amendment. Id. at ----, 806 S.E.2d at 345.
In the present case, insufficient evidence was offered by the State to satisfy the Fourth Amendment inquiry. Indeed, the following exchange constituted the only reference at the SBM hearing to the requisite Fourth Amendment analysis:
[PROSECUTOR:] And the Court, you're finding that is [sic] reasonable, it's a reasonable search, is that correct, Your Honor?
[THE COURT:] I am.
[PROSECUTOR:] Is that you're [sic] finding that it is a reasonable search? Because that's all that Grady requires is for the Court to find that it's a reasonable search.
[THE COURT:] Yes.
In its appellate brief, the State concedes that (1) "the Court made no findings regarding the nature and purpose of the search and its impact on Defendant[;]" (2) "[t]he Court did not weigh the governmental interest in monitoring Defendant against the intrusiveness of the search and Defendant's expectations of privacy[;]" and (3) "the trial court did not identify the evidence presented by the State which supported its reasonableness conclusion." We agree.
The trial court failed to make any findings demonstrating that it properly analyzed the evidence presented at the SBM hearing to determine whether the SBM requested was a reasonable search for purposes of the Fourth Amendment. Thus, it is clear that the trial court's order is insufficient. The only remaining question is whether remand is appropriate in order for the trial court to make additional findings. Based on Greene , such a remand would be proper only if we are satisfied that the State met its burden at the SBM hearing of presenting sufficient evidence that could support a finding of reasonableness.
At the SBM hearing, the State offered testimony from Dohig as to how the GPS ankle monitor would operate and the manner in which the monitor would track Defendant's movements. The State also provided evidence that Defendant had previously been convicted of one sex offense crime and posed an "average risk" for recidivism based on his STATIC-99 assessment.
In State v. Grady , --- N.C. App. ----, --- S.E.2d ---- (filed May 15, 2018) (No. COA17-12 ) (hereinafter "Grady II "), this Court recently reviewed for the first time the validity of an SBM order that expressly sought to comply with the United States Supreme Court's mandate. With regard to the question of whether the State's evidence was sufficient to establish reasonableness under a "general Fourth Amendment approach based on diminished expectations of privacy," we stated that Grady I required the trial court to look at "the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations." Id. at ----, --- S.E.2d ----, slip op. at 5 (citing Grady I , --- U.S. at ----, 135 S. Ct. at 1371, 191 L.Ed. 2d at 463 ) (quotation marks omitted).
We determined that testimony from a probation officer at the defendant's SBM hearing tended to show the nature and purpose of the search because it described the manner in which the defendant's ankle monitor would impact his everyday life and track his movements. However, we concluded that because the State's evidence failed to show that (1) SBM was an effective remedy to protect the public from sex offenders; and (2) the defendant posed a "current threat of reoffending" such that SBM was necessary, the State had not demonstrated that it possessed a legitimate interest in monitoring the defendant's whereabouts through GPS tracking for the remainder of his life. Id. at ----, --- S.E.2d ----, slip op. at 16. Thus, we determined that the trial court had erred by finding the imposition of SBM to be reasonable under the Fourth Amendment. Id. at ----, --- S.E.2d at ----, slip op. at 20-21.
This Court recently applied Grady II in State v. Griffin , --- N.C. App. ----, --- S.E.2d ---- (August 7, 2018) (No. COA17-386). In that case, the defendant pled guilty in 2004 to a first-degree sex offense with a child who lived in his household and was released from prison eleven years later. In 2015, the trial court held a "bring-back" hearing to determine if the defendant was eligible for SBM. During this hearing, the State offered evidence that the defendant had presented a "moderate-low" risk of recidivism on his STATIC-99 assessment. Id. at ----, --- S.E.2d at ----, slip op. at 3. In addition, the defendant's probation officer testified that although the defendant had not completed the required sex offender treatment he had not committed any new criminal offenses or violated the terms of his probation since being released from prison. The probation officer described the "physical dimensions of the SBM tracking device, how it is worn, and its general function." Id. at ----, --- S.E.2d at ----, slip op. at 3. The trial court determined that the State's evidence coupled with the fact that the defendant had held a "position of trust" with the victim was sufficient to warrant the imposition of SBM for a period of thirty years. Id. at ----, --- S.E.2d at ----, slip op. at 4.
On appeal, we reversed the trial court's ruling on Fourth Amendment grounds. We stated that "[d]ecisions from other jurisdictions ... holding that SBM is generally regarded as effective in protecting the public from sex offenders are not persuasive in light of this Court's binding decision in Grady II that the State must present some evidence to carry its burden of proving that SBM actually serves that governmental interest." Id. at ----, --- S.E.2d at ----, slip op. at 11. As a result, we ruled, the State was required to present evidence as to "the efficacy of the SBM program" but had failed to do so. Id. at ----, --- S.E.2d at ----, slip op. at 10. In addition, we noted that the trial court had made no findings reflecting "whether [it] determined that Defendant's betrayal of trust or failure to complete or participate in [the sex offender treatment program] increased his likelihood of recidivism." Id. at ----, --- S.E.2d at ----, slip op. at 13.
In the present case, the trial court made no findings reflecting that it had actually considered the totality of the circumstances in determining that SBM was appropriate as required by the United States Supreme Court in Grady I . Moreover, the State did not introduce any evidence regarding the efficacy of SBM in protecting the public from recidivism. Nor did the State demonstrate through competent evidence that the imposition of lifetime SBM was necessary in order to prevent Defendant-based on his particular circumstances-from reoffending.
Thus, the State has failed to meet its burden of showing that SBM was reasonable under the Fourth Amendment. Moreover, the State is not entitled to a remand for the purpose of allowing it a "second bite at the apple." See Griffin , --- N.C. App. at ----, --- S.E.2d at ----, slip op. at 14 (reversing SBM order without remand where "the State failed to present any evidence that SBM is effective to protect the public from sex offenders"); Grady II , --- N.C. App. at ----, --- S.E.2d at ----, slip op. at 20 (declining to remand because "the State will have only one opportunity to prove that SBM is a reasonable search of the defendant" (citation omitted) ); Greene , --- N.C. App. at ----, 806 S.E.2d at 345 (holding that "a case for satellite-based monitoring is the State's to make" and reversing order denying Defendant's motion to dismiss application for SBM).
We are bound by our decisions in Grady II and Griffin . See In re Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). Accordingly, we reverse the trial court's SBM order.[1]
Conclusion
For the reasons stated above, we reverse the trial court's 31 August 2017 order requiring Defendant to enroll in SBM.
REVERSED.
Report per Rule 30(e).
Judge INMAN concurs.
Judge DILLON dissents by separate opinion.

Based on our holding, we need not address Defendant's argument that the trial court's SBM order also violated the North Carolina Constitution.