McGEE, Chief Judge.
Eugene Smith ("Defendant") appeals from order entered 7 July 2017 requiring him to enroll in lifetime Satellite-Based Monitoring ("SBM"). Defendant contends that the trial court erred in ordering lifetime SBM in the absence of sufficient evidence from the State demonstrating imposing lifetime SBM was a reasonable search under the Fourth Amendment. On appeal, the State concedes error and, based on our reasoning below, we agree.
I. Factual and Procedural History
Defendant was indicted on 27 January 2015 for one count of statutory rape of a thirteen, fourteen, or fifteen-year-old in violation of N.C. Gen. Stat. § 14-27.7A(a) (2015). Defendant was also charged with one count of indecent liberties and six counts of statutory sex offense with a thirteen- to fifteen-year-old. Defendant pleaded guilty on 15 December 2016 to one count of statutory rape, one count of indecent liberties with a child, and six counts of statutory sex offense with a thirteen- to fifteen-year-old in exchange for the dismissal of the remaining charges. The trial court sentenced Defendant to an active, consolidated sentence of 262 to 375 months. The trial court also ordered the Division of Adult Correction to perform a risk assessment of Defendant to determine the need for SBM.
Prior to the SBM hearing, the State filed a memorandum of law in support of its petition for SBM enrollment. In response, Defendant filed a motion to dismiss the State's petition for SBM.
The trial court conducted a SBM hearing on 7 July 2017. At the hearing, the State noted that Defendant scored a "negative two" (-2) on the risk assessment, placing Defendant in the "low risk" category that predicts sexual recidivism. The State then submitted two exhibits into evidence. First, the State introduced a police report detailing the factual basis for Defendant's charges. The State summarized the police report as follows:
[D]efendant has been convicted for two different victims. He had been in a dating relationship with the mother of these two children. And the children disclosed various sex offenses, one to include vaginal intercourse. Another child talked about [Defendant] engaging in anal intercourse and touching and digitally penetrating them. ... I think, generally speaking, that would be the basis of the offense.
Second, the State introduced a copy of Defendant's criminal history that showed two prior misdemeanor convictions for assault with a deadly weapon and damage to property. The State acknowledged that it did not "have any other indications that [Defendant] is a danger to others. He doesn't have anything, as I can see, with respect to issues of a sexual nature before that time."
The trial court heard arguments from both sides. Defense counsel argued that SBM would be unreasonable because Defendant would be nearly seventy years old upon release, Defendant scored low on his risk assessment, and Defendant had no prior record of sexual offenses. Defense counsel also contended that determining the reasonableness of SBM twenty-one years into the future would be speculative in light of possible technological advances.
The State responded as follows:
Prior to Grady , [Defendant] would be on [SBM] for life. With the implementation of Grady , some courts, maybe not this court, want me to show more of why this particular person is more likely to be a recidivist. And all I have are the facts of the case. I don't have any prior situation. I don't have any sexual thing. The [risk assessment] would suggest, if you read it, that he is one of the people who won't. And so, honestly, that's why I'm not jumping up and down about this particular case when you look at the facts, you look at his history, and you look at the [risk assessment].
....
But I believe the law is clear that you can put him on for life if you find in the totality of the circumstances. But I don't have anything outside of these offenses-which are serious and involve two victims, no doubt-to show you that.
The trial court denied Defendant's motion to dismiss the State's petition for SBM and found as follows:
The court, after reviewing the investigation report, the court having reviewed the file reflecting that ... [D]efendant has pled guilty-previously pled guilty to the offense of statutory rape, and taking into account the totality of the circumstances in this case, the court finds that ... [D]efendant being placed on [SBM] with regard to these cases is reasonable based on his conviction of an aggravated offense under the statute and also the investigative report and information contained therein.
The court further finds that this does require the highest level of supervision and monitoring and that ... [D]efendant shall be placed on [SBM].
The trial court entered an order on 7 July 2017 requiring Defendant to enroll in lifetime SBM upon release from imprisonment. Defendant appeals.
II. Analysis
On appeal, Defendant argues the trial court erred by ordering lifetime SBM where the State's evidence was insufficient to establish that the enrollment constituted a reasonable Fourth Amendment search under Grady v. North Carolina , 575 U.S. ----, 191 L.Ed. 2d 459 (2015), and State v. Blue , 246 N.C. App. 259, 783 S.E.2d 524 (2016). The State concedes it failed to meet its burden of proving Defendant's enrollment in lifetime SBM was reasonable under the Fourth Amendment, and we agree.
In Grady , the United States Supreme Court held that North Carolina's SBM program "effects a Fourth Amendment Search." Grady , 575 U.S. at ----, 191 L.Ed. 2d at 462. It stated:
That conclusion, however, does not decide the ultimate question of the program's constitutionality. The Fourth Amendment prohibits only unreasonable searches. The reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations.
Id. Subsequently, in Blue , the defendant argued that " 'the trial court erred in concluding that continuous [SBM] is reasonable and a constitutional search under the Fourth Amendment in the absence of any evidence from the State as to reasonableness.' " Blue , 246 N.C. App. at 263, 783 S.E.2d at 526. This Court reversed and remanded the trial court's SBM order where "the trial court simply acknowledged that SBM constitutes a search and summarily concluded it is reasonable[.]" Id. at 264, 783 S.E.2d at 527 ("We reverse the trial court's order and remand for a new hearing in which the trial court shall determine if SBM is reasonable, based on the totality of the circumstances, as mandated by ... [Grady ]."). This Court further held that "the State shall bear the burden of proving that the SBM program is reasonable." Id. at 265, 783 S.E.2d at ----. See State v. Morris , 246 N.C. App. 349, 351-52, 783 S.E.2d 528, 529 (2016).
In the present case, the State presented no evidence other than the facts underlying Defendant's convictions, Defendant's criminal record, and Defendant's risk assessment, which indicated he had a low risk of recidivism. See State v. Griffin , --- N.C. App. ----, ----, --- S.E.2d ----, ----, COA17-386, 2018 WL 3732560 (7 August 2018) ("[A] trial court cannot impose SBM without 'sufficient record evidence to support the trial court's conclusion that SBM is reasonable as applied to this particular defendant. ' "). The State failed to present any evidence regarding the nature and purpose of the SBM program and the extent to which SBM intrudes upon reasonable privacy expectations. See id. at ----, --- S.E.2d at ---- ("[U]nless SBM is found to be effective to actually serve the purpose of protecting against recidivism by sex offenders, it is impossible for the State to justify the intrusion of continuously tracking an offender's location[.]"). Consequently, the trial court had no support for its finding that SBM was reasonable based on the totality of the circumstances. Based on the foregoing reasons, we hold that the trial court erred in entering its order imposing lifetime SBM and reverse the order of the trial court. See State v. Greene , --- N.C. App. ----, ----, 806 S.E.2d 343, 344-45 (2017) (where the State's evidence was insufficient to establish that SBM enrollment was a reasonable Fourth Amendment search, the appropriate remedy is to reverse, rather than remand for more hearings).
REVERSED.
Report per Rule 30(e).
Judges CALABRIA and DIETZ concur.