DIETZ, Judge.
Defendant Orlando Cooper appeals the trial court's imposition of lifetime satellite-based monitoring. We vacate the trial court's order for the reasons discussed in State v. Griffin , --- N.C. App. ----, 818 S.E.2d 336 (2018).
In Griffin , this Court held that the Fourth Amendment prohibits a trial court from imposing lifetime satellite-based monitoring on a convicted sex offender unless the State presents evidence that this type of monitoring "is effective to protect the public from sex offenders." Id. at ----, 818 S.E.2d at 337. The Court further held that the efficacy of satellite-based monitoring is not self-evident-that is, that the State cannot rely solely on the common-sense assumption "that an offender's awareness his location is being monitored does in fact deter him from committing additional offenses." Id. at ----, 818 S.E.2d at 341. Likewise, the Court held that the State cannot rely on "decisions from other jurisdictions stating that [satellite-based monitoring] curtails sex offender recidivism." Id. Simply put, after Griffin , trial courts cannot impose satellite-based monitoring unless the State presents actual evidence-such as "empirical or statistical reports"-establishing that lifetime satellite-based monitoring prevents recidivism. Id.
Here, the State did not present the sort of evidence required by Griffin -likely because the hearing in this case occurred before this Court decided Griffin . Nevertheless, Griffin is controlling precedent on direct appeal. Although the Supreme Court stayed the judgment of this Court in Griffin , it did not stay our mandate. See State v. Griffin , --- N.C. ----, 817 S.E.2d 210 (2018). Moreover, Griffin largely relies on the reasoning of State v. Grady , --- N.C. App. ----, ----, 817 S.E.2d 18, 27-28 (2018) (Grady II ), which the Supreme Court has not stayed. Thus, we are bound by the Griffin holding in this appeal. See In re Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). We therefore vacate the imposition of lifetime satellite-based monitoring in this case.
We note that there is disagreement amongst the judges of this Court concerning the holdings of Griffin and its companion cases, and that review of several of those cases is pending in our Supreme Court. See, e.g ., Griffin , --- N.C. App. at ----, 818 S.E.2d at 342-44 (Bryant, J., dissenting); Grady , --- N.C. App. at ----, 817 S.E.2d at 28-31 (2018) (Bryant, J., dissenting); State v. Westbrook , --- N.C. App. ----, 817 S.E.2d 794, 2018 WL 4200974, at *4-7 (2018) (Dillon, J. dissenting) (unpublished); State v. White , --- N.C. App. ----, 817 S.E.2d 795, 2018 WL 4200979, at *9 (2018) (Dillon, J., dissenting) (unpublished); State v. Gordon , --- N.C. App. ----, ----, 820 S.E.2d 339, 349-50 (2018) (Dietz, J., concurring in the judgment). Thus, although we reject the State's arguments as squarely precluded by Griffin and Grady II , we emphasize that the State has preserved those arguments for further review in the Supreme Court.
VACATED.
Report per Rule 30(e).
Judges STROUD and MURPHY concur.