IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1295

 Filed: 6 August 2019

Rowan County, Nos. 15 CRS 54421–22

STATE OF NORTH CAROLINA

 v.

JESSE JAMES TUCKER

 Appeal by defendant from order entered 4 April 2018 by Judge Anna Mills

Wagoner in Rowan County Superior Court. Heard in the Court of Appeals 5 June

2019.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Sonya
 Calloway-Durham, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Heidi
 Reiner, for defendant.

 DIETZ, Judge.

 Defendant Jesse James Tucker appeals the trial court’s imposition of lifetime

satellite-based monitoring. We vacate the trial court’s order for the reasons discussed

in State v. Griffin, __ N.C. App. __, 818 S.E.2d 336 (2018).

 In Griffin, this Court held that the Fourth Amendment prohibits a trial court

from imposing lifetime satellite-based monitoring on a convicted sex offender unless

the State presents evidence that this type of monitoring “is effective to protect the

public from sex offenders.” Id. at __, 818 S.E.2d at 337. The Court further held that
 STATE V. TUCKER

 Opinion of the Court

the efficacy of satellite-based monitoring is not self-evident—that is, that the State

cannot rely solely on the common-sense assumption “that an offender’s awareness his

location is being monitored does in fact deter him from committing additional

offenses.” Id. at __, 818 S.E.2d at 341. Likewise, the Court held that the State cannot

rely on “decisions from other jurisdictions stating that [satellite-based monitoring]

curtails sex offender recidivism.” Id. Simply put, after Griffin, trial courts cannot

impose satellite-based monitoring unless the State presents actual evidence—such as

“empirical or statistical reports”—establishing that lifetime satellite-based

monitoring prevents recidivism. Id.

 Here, the State did not present the sort of evidence required by Griffin—likely

because the hearing in this case occurred before this Court decided Griffin.

Nevertheless, Griffin is controlling precedent on direct appeal. Although the Supreme

Court stayed the judgment of this Court in Griffin, it did not stay our mandate. See

State v. Griffin, __ N.C. __, 817 S.E.2d 210 (2018). Moreover, Griffin largely relies on

the reasoning of State v. Grady, __ N.C. App. __, __, 817 S.E.2d 18, 27–28 (2018)

(Grady II), which the Supreme Court has not stayed. Thus, we are bound by the

Griffin holding in this appeal. See In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d

30, 37 (1989). We therefore vacate the imposition of lifetime satellite-based

monitoring in this case.

 -2-
 STATE V. TUCKER

 Opinion of the Court

 We note that there is disagreement amongst the judges of this Court

concerning the holdings of Griffin and its companion cases, and that review of several

of those cases is pending in our Supreme Court. See, e.g., Griffin, __ N.C. App. at __,

818 S.E.2d at 342–44 (Bryant, J., dissenting); Grady, __ N.C. App. at __, 817 S.E.2d

at 28–31 (Bryant, J., dissenting); State v. Westbrook, __ N.C. App. __, 817 S.E.2d 794,

2018 WL 4200974, at *4–7 (2018) (Dillon, J. dissenting) (unpublished); State v. White,

__ N.C. App. __, 817 S.E.2d 795, 2018 WL 4200979, at *9 (2018) (Dillon, J., dissenting)

(unpublished); State v. Gordon, __ N.C. App. __, __, 820 S.E.2d 339, 349–50 (2018)

(Dietz, J., concurring in the judgment). Thus, although we reject the State’s

arguments as squarely precluded by Griffin and Grady II, we observe that the State

has preserved those arguments for further review in the Supreme Court.

 VACATED.

 Judge HAMPSON concurs.

 Judge BERGER dissents with separate opinion.

 -3-
 No. COA18-1295 – State v. Tucker

 BERGER, Judge, dissenting in separate opinion.

 This Court is compelled by Griffin to vacate the trial court’s order of lifetime

satellite-based monitoring in this case. In re Civil Penalty, 324 N.C. 373, 384, 379

S.E.2d 30, 37 (1989). “Our panel is following [Griffin], as we should. However, I write

separately to dissent because I believe [Griffin] is wrongfully decided[.]” Watson v.

Joyner-Watson, ___ N.C. ___, ___, 823 S.E.2d 122, 126, (Dillon, J., dissenting) (2018).1

 Here, Defendant entered an Alford plea to two counts of indecent liberties with

a child. The State’s factual recitation during the plea tended to show that there were

two separate victims in this case, one was a seven year old girl and the other a nine

year old girl. Defendant exposed his penis to the seven year old victim and instructed

her to touch his penis. Defendant also pulled down the seven year old’s pants and

underwear and performed oral sex on the victim. As for the nine year old victim, the

State’s factual showing established that Defendant rubbed the girl’s vagina. In

 1 Griffin misconstrued Grady II. Underlying the analysis in Grady II is a totality of the
circumstances approach for determining the reasonableness of imposing lifetime SBM, as instructed
by the U.S. Supreme Court. One factor that could be considered includes information regarding the
efficacy of North Carolina’s SBM program. But this is not the only means by which the State could
establish reasonableness. Griffin, however, effectively eliminated the individualized determinations
clearly called for in Grady II in favor of a single factor test that solely concerns efficacy showings
unique to North Carolina’s program.
 It could be argued that this Court, upon a proper review, could simply take judicial notice that
the SBM program is beneficial in deterring sex offenders from re-offending. Upon such a finding,
Griffin would forever be satisfied. Such a result, however, would be contrary to the individualized
determinations called for by the Fourth Amendment, the U.S. Supreme Court’s directive in Grady I,
and this Court’s prior holding in Grady II.
 STATE V. TUCKER

 BERGER, J., dissenting

addition, Defendant admitted that he was a recidivist, having been previously

convicted of indecent liberties with a child in 2004.

 When the trial court conducted a hearing on imposing lifetime SBM, the State

presented a host of statistical information which showed high rates of recidivism

among sex offenders. Relevant here, one study showed that sex offenders who

victimized children and had more than one prior arrest had a recidivism rate of 44.3

percent. In addition, the State provided a North Carolina recidivism study of 988 sex

offenders which showed 26 percent of registered sex offenders were rearrested. Based

upon this showing, the trial court found that Defendant was a recidivist and that he

committed a sexually violent offense; that the purpose of SBM was to deter future

criminal acts by Defendant against children; and that imposing lifetime SBM on

Defendant was reasonable.

 In 2006, the General Assembly established the “continuous satellite-based

monitoring system” to monitor certain sex offenders. Individuals subject to SBM

include defendants who were convicted of “reportable convictions” and were (1)

classified as sexually violent predators, (2) recidivists, or (3) “convicted of an

aggravated offense.” N.C. Gen. Stat. § 14-208.40(a)(1) (2017). If a trial court

determines, based upon evidence presented by the prosecutor, that a convicted sex

offender was “classified as a sexually violent predator, is a recidivist, has committed

an aggravated offense, or was convicted of G.S. 14-27.23 or G.S. 14-27.28, the court

 -2-
 STATE V. TUCKER

 BERGER, J., dissenting

shall order the offender to enroll in a satellite-based monitoring program for life.”

N.C. Gen. Stat. § 14-208.40A (2017). By the plain language of Section 14-208.40A,

Defendant would be required to enroll in lifetime SBM.

 However, the United States Supreme Court has stated that the government

“conducts a search when it attaches a device to a person's body, without consent, for

the purpose of tracking that individual's movements.” Grady v. North Carolina, 135

S. Ct. 1368, 1370, 191 L. Ed. 2d 459, 462 (2015). Thus, because North Carolina’s SBM

“program is plainly designed to obtain information[,]” monitoring through an ankle

bracelet pursuant to the program constitutes a search under the Fourth Amendment.

Id. at 1371, 191 L. Ed. 2d at 461 (2015). The Supreme Court stated in Grady that

“[t]he Fourth Amendment prohibits only unreasonable searches. The reasonableness

of a search depends on the totality of the circumstances, including the nature and

purpose of the search and the extent to which the search intrudes upon reasonable

privacy expectations.” Id. at 1371, 191 L. Ed. 2d at 462.

 Thus, the U.S. Supreme Court’s opinion in Grady v. North Carolina merely

applied the Fourth Amendment’s requirement of reasonableness to SBM decisions.

This should not have disturbed our SBM jurisprudence to the extent that it has.

However, Griffin seized upon the opportunity provided by Grady I and Grady II to

reimagine the Fourth Amendment, and this Court has been moving the goal posts for

trial judges and prosecutors at every turn.

 -3-
 STATE V. TUCKER

 BERGER, J., dissenting

 Reasonableness under the Fourth Amendment is intended to be a totality of

the circumstances inquiry that includes consideration of “the nature and purpose of

the search and the extent to which the search intrudes upon reasonable privacy

expectations.” Id. This Court has acknowledged that recidivist sex offenders have

an expectation of privacy that is “appreciably diminished as compared to law-abiding

citizens.” Grady II ___ N.C. App. at ___, 817 S.E.2d at 28.

 In Griffin, a case that did not involve a recidivist sex offender or lifetime SBM,

this Court abandoned the reasonableness requirement based upon the totality of the

circumstances familiar to Fourth Amendment inquiries, and instead manufactured a

singular means by which reasonableness could be established. Griffin’s new

requirement is not only contrary to Fourth Amendment jurisprudence, but as the

majority points out, lacking in common sense. Judge Bryant dissented in two recent

SBM cases, including Griffin. Her reasoning provides the proper framework for

analyzing SBM cases pursuant to the United States Supreme Court’s direction in

Grady. See Grady II, ___ N.C. App. ___, 817 S.E.2d 18 (Bryant, J., dissenting); Griffin,

___ N.C. App. ___, 818 S.E.2d 336 (Bryant, J., dissenting).

 Here, Defendant is not simply susceptible of re-offending; Defendant actually

re-offended. Defendant is an admitted recidivist who victimized two more children.

Further, the trial court determined that Defendant engaged in a sexually violent

offense. Defendant has a diminished expectation of privacy, and use of an ankle

 -4-
 STATE V. TUCKER

 BERGER, J., dissenting

monitor is a lesser intrusive means of monitoring Defendant and collecting relevant

data. The State has a legitimate governmental interest in protecting children and

communities from convicted sex offenders, and the government’s interest outweighs

Defendant’s diminished privacy interests. Because imposition of lifetime SBM is

reasonable under the circumstances, and thus reasonable under the Fourth

Amendment, Griffin’s required showing is irrelevant to this individual defendant.

 The trial court’s order of lifetime SBM for Defendant should be affirmed.

 -5-